UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES HANTON, Petitioner, | : | |
| v. | : | PRISONER Case No. 3:09-cv-774 (CFD) |
| THERESA LANTZ, Respondent. | : | |

**RULING AND ORDER**

Pending before the court is James Hanton's ("Hanton") amended petition for writ of habeas corpus and motions for injunctive and mandamus relief. The court file reflects that Hanton is currently confined at Carl Robinson Correctional Institution in Enfield, Connecticut. For the reasons that follow, the amended petition is dismissed and the motions for injunctive and mandamus relief are denied.

**I. <u>Amended Petition for Writ of Habeas Corpus</u> [Dkt. No. 4]**

Hanton initially filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 concerning his 1997 conviction for robbery in the first degree and burglary in the third degree. On May 28, 2009, Hanton filed a handwritten amended petition for writ of habeas corpus including two grounds: (1) denial of access to courts by the Connecticut Superior Court in violation of his First Amendment rights and (2) denial of 245 days of pre-sentence jail credit in violation of his Equal Protection rights.

**A. <u>BACKGROUND</u>**

On October 17, 1997, in the Connecticut Superior Court for the Judicial District of New Haven, the Court sentenced Hanton to thirteen and one-half years of imprisonment for his conviction for robbery in the first degree and larceny in the third degree. Hanton did not appeal the conviction. *See* Pet. Writ Habeas Corpus at 2. In July 1998, Hanton filed a

habeas corpus petition in the Connecticut Superior Court for the Judicial District of New Haven, challenging his conviction on the ground of ineffective assistance of counsel. *See Hanton v. Warden*, No. CV980414855, 2002 WL 172740 (Conn. Super. Ct. Jan. 10, 2002). The Superior Court dismissed the petition on January 10, 2002. *See id.* On December 31, 2002, the Connecticut Appellate Court affirmed the dismissal of the petition. *See Hanton v. Commissioner of Correction*, 74 Conn. App. 904, 814 A.2d 439 (2002).

On October 20, 1997, the Department of Correction applied 254 days of pre-sentence jail credit to Hanton's 1997 sentence. On July 5, 2005, the Department of Correction removed the 254 days of credit pursuant to the Connecticut Supreme Court's decisions in *Harris v. Commissioner*, 271 Conn. 808, 860 A.2d 715 (2004), *Cox v. Commissioner*, 271 Conn. 844, 860 F.2d 715 (2004) and *Hunter v. Commissioner*, 271 Conn. 856, 860 A.2d 700 (2004).

On May 29, 2008, the Board of Pardons and Paroles revoked Hanton's parole due to an offense committed by Hanton while on parole in December 2007. *See Hanton v. Warden*, No. CV084002247S, 2009 WL 1663749, at ** 4-5, 10 (Conn. Super. Ct. May 21, 2009). In June 2008, Hanton filed an administrative appeal of the revocation decision in the Connecticut Superior Court for the Judicial District of New Haven pursuant to Connecticut General Statutes § 4-183(a). Hanton named himself as the defendant/appellee and the Board of Pardons and Paroles as the plaintiff/appellant.

On July 3, 2008, Hanton moved for a default judgment against the Board of Pardons and Paroles for failure to appear and failure to transcribe the parole revocation hearing. (*See* Reply to Response to Order to Show Cause, Dkt. 14, Ex. A.) On July 23, 2008, the Superior Court denied the motion because plaintiff had listed himself as the

defendant or appellee and the Board of Pardons and Parole as the plaintiff or appellant. The Court directed Hanton to re-file the action properly. (*See id.* at Ex. B.) On September 15, 2008, the Court denied motions for default filed on July 10, and August 21, 2008, because Hanton had failed to effect service of the appeal on the Board of Pardons and Paroles in accordance with Conn. Gen. Stat. § 4-183(c)(1). (*See id.* at Exs. C, D.) On September 26, 2008, Hanton filed a motion for re-argument contending that he had complied with all service requirements. On October 27, 2008, the court denied the motion to re-argue. (*See id.* at Ex. F.) On October 24, 2008, Hanton filed an appeal to the Connecticut Appellate Court of the Superior Court's denial of his motion for default judgment. On April 16, 2009, the Connecticut Appellate Court dismissed the appeal because no final judgment had entered in the case. (*See id.* at Ex. G.) Hanton then filed this action.

    **B.**    **DISCUSSION**

Hanton includes two grounds for relief here. He claims that: (1) the Connecticut Superior Court denied him access to courts by failing to enter a final judgment in his favor in an administrative appeal of a decision by the State of Connecticut Board of Pardons and Paroles and (2) the Connecticut Department of Correction denied him 245 days of pre-sentence jail credit in violation of his Equal Protection rights. He asks the court to intervene in the administrative appeal and enter judgment in his favor and to order the Connecticut Superior Court to award him 245 days of pre-sentence jail credit.

Hanton initially requested relief pursuant to 28 U.S.C. § 2241. His amended petition, however, includes no reference to 28 U.S.C. § 2241.

Since the enactment of the Judiciary Act of 1789, the federal court in the district in

which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). Today, this authority is codified at 28 U.S.C. § 2241(c)(3). The Second Circuit has consistently held that a petition for writ of habeas brought pursuant to 28 U.S.C. § 2241 applies to the "execution" of a federal inmate's sentence, "'including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) and citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir.2001); *Roba v. United States*, 604 F.2d 215, 219 (2d Cir.1979); *Kahane v. Carlson*, 527 F.2d 492, 498-500 (2d Cir.1975) (Friendly, J., concurring)).

Hanton is a state prisoner who is in custody pursuant to a conviction and sentence imposed in the Connecticut Superior Court. Thus, neither ground of the amended petition falls within the types of challenges permitted to be raised in a section 2241 habeas petition.

### 1. Access to Courts Claim

Although Hanton's first claim challenging the Connecticut Appellate Court's alleged violation of his constitutional right of access to courts could be construed as a claim under 42 U.S.C. Section 1983, the court declines to do so. *See Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008 ) (holding that if a pleading includes facts that entitle the *pro se* party to relief, a district court should "treat[] the claims as properly pleaded, or at least

give[n] the [party] leave to file an amended pleading identifying the proper source of law without dismissing the action"). If the court were to construe Hanton's first ground of the section 2241 petition as a civil rights claim brought pursuant to 42 U.S.C. § 1983, it would enable Hanton to circumvent the significant fee required to file a civil rights complaint under 28 U.S.C. § 1915(g).

Section 1915(g) provides that a prisoner is precluded from proceeding *in forma pauperis* in a civil action[1] or appeal of judgment in a civil action if at least three prior lawsuits or appeals filed by the prisoner while he was incarcerated or detained were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.  Prior to filing this action, five of Hanton's complaints were dismissed as frivolous. *See Hanton v. Armstrong, et al.*, 3:97cv660(JBA) (dismissed July 17, 1997); *Hanton v. Lewis*, 3:98cv957(JCH) (dismissed October 6, 1998); *Hanton v. Mendes, et al.*, 3:98cv1617(AVC) (dismissed April 9, 1999); *Hanton v. Smith, et al.*, 3:98cv1965(AWT) (dismissed April 9, 1999) and *Hanton v. Wynne, et al.*, 3:97cv216(RNC) (dismissed June 28, 1999).  Because at least three of Hanton's civil rights complaints which were filed *in forma pauperis* have been dismissed as frivolous, Hanton may not file the present civil rights action without payment of the $350.00 filing fee absent allegations of "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Hanton's petition includes no allegations that he was in danger of imminent physical injury when he initially filed this action.  *See Pettus v. Morgenthau*, 544 F.3d 293, 296 (2d

---

[1] The Second Circuit has held that the Prison Litigation Reform Act of 1996, including 28 U.S.C. § 1915(g), does not apply to habeas petitions.  *See Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir.1996),  *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

Cir. 2009) ("imminent danger" exception to section 1915(g) applicable only if plaintiff is imminent danger of serious physical injury "when he files his complaint"). Thus, the Court must therefore conclude that section 1915(g) prevents Hanton from proceeding *in forma pauperis* with regard to the first claim in the petition to the extent that it could be construed as having been brought pursuant to 42 U.S.C. § 1983. Hanton may not avoid the statutory restrictions on three-strikes litigants by characterizing his civil rights claim as claim in a section 2241 petition for writ of habeas corpus. Accordingly, the court will not construe the first ground for relief as a section 1983 claim.

The request for relief in the first ground of the amended petition is not cognizable in a section 2241 petition because Hanton is not a federal inmate challenging federal prison conditions or detention issues or the administration of parole, sentence computation, disciplinary actions or facility transfers by federal prison officials. Accordingly, Hanton is not entitled to relief under section 2241 as to his denial of access to courts claim relating to his appeal of a decision of the Connecticut Board of Pardons and Paroles. The first ground of the amended petition is dismissed.

### 2. Pre-Sentence Credit Claim

In the second ground of the amended petition, Hanton alleges that the Department of Correction treated him differently than other inmates when it failed to re-apply the 254 days of pre-sentence credit that it had removed from his sentence in July 2005. He claims that other inmates filed motions in the Connecticut Superior Court requesting to have the Department of Correction re-apply the pre-sentence credit that it had removed from their sentences pursuant to the decisions in *Harris*, 271 Conn. 808, 860 A.2d 715, *Cox,* 271 Conn. 844, 860 F.2d 715 and *Hunter*, 271 Conn. 856, 860 A.2d 700. Hanton contends

that the Superior Court granted the requests of those other inmates, but denied his similar request in violation of his Equal Protection rights.

Section 2254 governs petitions filed on behalf of any person "in custody pursuant to the judgment of a State court," "on the ground that he is in custody in violation of the Constitution or laws of treaties of the United States." 28 U.S.C. § 2254(a). A section 2254 petition applies to challenges to the fact of a state inmate's conviction or the length or execution of his sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (Habeas corpus is the " . . . appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement."); *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278-79 (2d Cir.2003) ("state prisoner . . according to terms of section 2254 must bring challenge to the execution of his or her sentence . . . under section 2254"). Because the second ground of the amended petition challenges the constitutionality of Hanton's continuing custody pursuant to a state prison conviction and sentence, it should have been asserted in a section 2254 petition for writ of habeas corpus. *See James v. Walsh*, 308 F.3d 162, 165-67 (2d Cir.2002) (holding challenge to execution of state sentence on ground that Department of Correction had failed to apply credit for time served on lesser sentence to overall sentence properly raised in section 2254 petition); *Boyd v. Lantz*, 487 F. Supp. 2d 3, 5 n.1 (D. Conn. 2007) (reviewing and granting claim of denial of pre-sentence credit towards state sentence under section 2254).

In *Adams v. United States*, 155 F.3d 582, 584 (2d Cir.1998) (per curiam), the Second Circuit Court of Appeals held that district courts may not sua sponte convert post-conviction motions or petitions brought under some other provision into motions pursuant to 28 U.S.C. § 2255 without first giving the petitioner notice and an opportunity to

decline the conversion or withdraw the motion.  In *Cook*, the Second Circuit reviewed a district court order construing a section 2241 petition challenging the revocation of petitioner's parole from a state sentence as a section 2254 petition and dismissing the petition as barred by the statute of limitations set forth in 28 U.S.C. § 2244.  *See id.* at 275.  The Court held that a state prisoner challenging the execution of his or her sentence must file a habeas petition pursuant to 28 U.S.C. § 2254, rather than pursuant to 28 U.S.C. § 2241.  *See id.* at 278.  The Court concluded, however, that the district court should have afforded the petitioner the opportunity to withdraw his section 2241 petition because "converting a *pro se* habeas petition filed under a statute not subject to the severe second or successive restrictions of section 2244 . . . could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim."  *Id.* at 282 (internal quotation marks omitted).  Accordingly, the Court reversed order of the district court, which had construed the section 2241 as a section 2254 petition, and remanded the case back to the district court to permit the petitioner to withdraw the section 2241 petition.  *See id.*

In this instance, however, the concerns raised in *Adams* and *Cook* do not apply to Hanton.  A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts."

Hanton concedes that the second ground in the amended petition has not been

8

raised in any state habeas petition.[2] Thus, the second ground is unexhausted and should be dismissed without prejudice. If the Court were to construe the claim in ground two of the section 2241 amended petition as having been filed pursuant to section 2254 and dismiss the claim on exhaustion grounds, Hanton would not be precluded from filing a new section 2254 petition on the ground that it was a second or successive petition under section 2244(b). *See Slack v. McDaniel*, 529 U.S. 473, 485-88 (2000) (holding that habeas petition including new claims filed after an initial petition was dismissed without prejudice for failure to exhaust remedies is not a "second or successive" petition for purposes of 28 U.S.C. § 2244). Accordingly, the court construes the claim in ground two of the amended petition as having been filed pursuant to 28 U.S.C. § 2254 and dismisses the claim without prejudice for failure to exhaust state court remedies.[3] Hanton may file a

---

[2] The court notes that the respondent has construed the second ground of the petition as the same pre-sentence credit claim that Hanton raised in a state habeas petition. *See Hanton v. Warden*, No. CV094002932S, 2009 WL 4069288 (Conn. Super. Ct. Oct. 28, 2009) . Respondent argues that the claim raised in that amended petition is not exhausted because Hanton did not appeal the dismissal of amended petition including that claim. The pre-sentence jail credit claims in the state habeas petition, however, are not the same as the claim asserted in the second ground of the present petition. *See id.* at, ** 4-5. (Hanton asserted in claims two and three of the amended petition that his equal protection rights were violated because 245 days of jail credit were taken away from him, but not from other similarly situated prisoners who were discharged between October 20, 1997 and July 5, 2005 and his due process rights were violated because the Department of Correction took away his jail credit without providing him with a written notice and a hearing). In any event, this claim has not been fully exhausted in the state courts.

[3] Where a petition contains both exhausted and unexhausted claims, the district court should not dismiss the petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court. *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court). Here, however, Hanton has not fully exhausted the sole section 2254 claim included in his amended petition. Thus, a stay is inappropriate.

new section 2254 petition after he has exhausted his state court remedies as to this claim.[4]

## II.     Motions for Injunctive Relief and for Mandamus [DKt. Nos. 13, 21, 24]

In the first motion for injunctive relief, Hanton complains that Department of Correction officials placed him in segregation at Cheshire Correctional Institution in August 2009 and denied him access to legal files. He states that he has been unable to respond to the memorandum in opposition to his amended habeas petition. He seeks release from

---

[4] Hanton should be aware that 28 U.S.C. §2244(d)(1) imposes a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d). Although the limitations period is tolled by the filing of a state habeas petition, it is not tolled by the filing of a federal habeas petition. *See* 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

segregation and access to his legal files.  In the second motion, Hanton complains that counsel for the respondent instructed a counselor at Bergin Correctional Institution to force him to sign a form requesting that this action be withdrawn.  The counselor allegedly informed Hanton that he would be transferred to a higher level security prison facility if he refused to withdraw this case and others.  In November 2009, prison officials transferred Hanton to Osborn Correctional Institution.  Hanton seeks to be released from restrictive housing and transferred to another prison facility.

The documents most recently filed by Hanton reflect that he is now incarcerated at Carl Robinson Correctional Institution.  In addition, Hanton filed a lengthy reply to the memorandum in opposition to his amended petition in September 2009 and a second reply in November 2009.  Hanton's requests for injunctive relief are denied as moot.

In the motion for mandamus, Hanton seeks a ruling on the amended petition.  As the court has ruled on the amended petition, the motion for mandamus is denied as moot.

### III. CONCLUSION

For the reasons stated above, the Amended Petition for Writ of Habeas Corpus [**Dkt. No. 4**] is **DISMISSED** as to Ground One and **DISMISSED** without prejudice as to Ground Two for failure to exhaust state court remedies.  The Motions for Injunctions [**Dkt. Nos. 13, 21**] and Motion for Mandamus [**Dkt. No. 24**] are **DENIED** as moot.  The Clerk is directed to enter judgment in favor of the respondent and close this case.

The court concludes that jurists of reason would not find it debatable that Hanton failed to exhaust his state court remedies as the second ground for relief.  Thus, any appeal from this ruling would not be taken in good faith and certificate of appealability will not issue.  See *Slack*, 529 U.S. at 484 (holding that, when the district court denies a

habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

**SO ORDERED .**

Dated this 26th day of May 2010, at Hartford, Connecticut.


/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge